**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ernest Bishop, | No. CV-16-08228-PCT-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Mohave Mental Health Incorporated, | |
| Defendant. | |

On October 3, 2016, Plaintiff filed his initial Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 2.) On December 16, 2016, the Court granted the Application to Proceed in District Court Without Prepaying Fees or Costs and dismissed the Complaint with leave to file an amended complaint. (Doc. 7.) On January 9, 2017, Plaintiff filed an Amended Complaint. (Doc. 8.)[1] The Court will dismiss Plaintiff's Amended Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court will provide Plaintiff with one more opportunity to file an amended complaint that states a claim for relief.

## I. Screening of IFP Complaints

### a. Legal Standards

For cases proceeding *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty

---

[1] On the same date, Plaintiff filed a second Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9), which the Court will deny as moot.

is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all *in forma pauperis* complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry*, 84 F.3d at 1176. Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Dismissal of the complaint is appropriate if it is so "verbose, confused, and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969).

Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that:

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

### b. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint is again comprised of a series of letters, is disjointed, and is very difficult to understand. Plaintiff appears to again complain that staff members for Mohave Mental Health Inc., Katrina Webb and/or Lauren Retzen, told Plaintiff that he was not allowed to attend religious services on March 24, 2013, without prior permission from his probation officer. Plaintiff appears to allege that Ms. Webb contacted Plaintiff's Pastor, "Mark," regarding Plaintiff's request, and although Mark stated he would come to Plaintiff's location and explain to the staff that he would be taking Plaintiff to religious services, he did not show up to Plaintiff's house and Plaintiff does not know why. Plaintiff also appears to assert that he needed a staff member to sign a pass for him to attend services that would be faxed over to his probation officer. Plaintiff states that he is asserting a First Amendment free exercise of religion claim, although he also generally references "eminent domain" and "due process." Plaintiff also asserts that "I am a clinic of Southwest Behavior, so I wrote NHRBHA and let them know to file a grievance on my behalf." Plaintiff claims, however, that he would like to proceed with this matter in "federal court or supreme court." Although not entirely clear, based on the above, the Court again assumes Plaintiff attempts to bring a claim under 42 U.S.C. § 1983, which provides for a private right of action against a state actor for a constitutional violation.

To prevail on a § 1983 claim, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law, and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). The ultimate issue in determining whether an entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal

rights fairly attributable to the [government]?" *Sutton v. Providence St. Jospeh Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). For a court to answer in the affirmative, a plaintiff must show that two requirements are met: (1) the deprivation to the plaintiff by the entity "must result from a governmental policy," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Sutton*, 192 F.3d at 835 (citing *Rendell-Baker*, 457 U.S. at 838 (1982)).

Municipalities and other local governmental entities may be sued under 42 U.S.C. § 1983 for the acts of their officials only if a plaintiff can prove that the constitutional deprivation was the result of a custom or policy of the governmental entity. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A local government cannot be held liable for the acts of its employees under the theory of *respondeat suprerior*. *Bd. Of County Comm'rs of Bryan Coutny Okla. v. Brown*, 520 U.S. 397, 403 (1997). Simply because a governmental entity employs a wrong-doing official does not create liability on behalf of the entity.

Here, Plaintiff's Amended Complaint fails to state a claim for relief under § 1983. As an initial matter, Plaintiff again fails in the Amended Complaint to specify the Defendant(s) he is attempting to sue. Plaintiff references Mohave Mental Health Inc. and two staff members in the body of his Amended Complaint.[2] However, Plaintiff fails to assert any allegations to show that either of those individuals, or Mohave Mental Health Inc., is a governmental actor. *See Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002) (private individual or group may be state actor when they perform function that is traditionally and exclusively governmental); *Johnson v. Grays Harbor Community Hospital*, 385 Fed. Appx. 647, 649 (9th Cir. 2010) (unpublished) (non-profit status of hospital alone did not make it a state actor for purposes of § 1983). Further, Plaintiff does not specifically allege what policy or custom Mohave Mental Health Inc. adopted

---

[2] In the Summons Plaintiff attached to his Amended Complaint, he names Mohave Mental Health Inc. as the Defendant in this action.

and in what way it deprived Plaintiff of his rights, or the specific circumstances surrounding his living situation, his relationship with Mohave Mental Health Inc., the terms of his probation, and whether Mohave Mental Health Inc. ultimately denied Plaintiff's request to attend services. Accordingly, Plaintiff has failed to assert sufficient facts to state a claim pursuant to 42 U.S.C. § 1983.

The Court cannot discern any other federal claim in Plaintiff's Amended Complaint. The Court also does not find the Amended Complaint alleges any state law claim relying on diversity jurisdiction. More specifically, Plaintiff has not alleged that his claim involves a controversy between citizens of different states, or that the amount in controversy exceeds the statutory minimum of $75,000. *See* 28 U.S.C. § 1332.

Finally, the Court specifically instructed Plaintiff that in any amended complaint he must comply with Rule 10(b) of the Federal Rules of Civil Procedure, which requires that Plaintiff organize his Complaint in numbered paragraphs. However, Plaintiff again has styled his Amended Complaint as a series of disjointed letters, which makes it difficult for any Defendant to properly respond to the allegations. Therefore, the Court will dismiss Plaintiff's Amended Complaint.

## II. Leave to Amend

The Court will give Plaintiff another opportunity, if he so chooses, to amend his Amended Complaint to make clear his allegations and state a claim for relief. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In the amended complaint, Plaintiff must write out, **in short, plain statements**, (1) the rights he believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct. Plaintiff shall also

comply with Rule 10(b) of the Federal Rules of Civil Procedure in filing an amended complaint.

Plaintiff is warned that if he elects to file a second amended complaint and if he fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

## III.    Motion to Appoint Counsel

In his Amended Complaint, Plaintiff also appears to request the Court appoint him counsel.  (Doc. 8 at 8.)  There is no constitutional right to appointment of counsel in a civil case. *Johnson v. U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). To determine whether there are exceptional circumstances, the Court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Cano*, 739 F.3d at 1218; *Palmer*, 560 F.3d at 970.

The Court finds that Plaintiff has failed to demonstrate the required exceptional circumstances to warrant appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues

involved. Therefore, the Court will deny Plaintiff's Motion to appoint counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. 8) is dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a second amended complaint by **June 9, 2017**.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a second amended complaint, the complaint may not be served until and unless the Court screens the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file a second amended complaint by **June 9, 2017**, the Clerk shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to appoint counsel (Doc. 8 at 8) is denied.

**IT IS FURTHER ORDERED** Plaintiff's second Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 9) is denied as moot.

Dated this 10th day of May, 2017.

Honorable John Z. Boyle
United States Magistrate Judge